JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARQUEZ, | ) CASE NO. CV 14-3789-R |
| Plaintiff, | ) ORDER GRANTING MOTION TO REMAND |
| v. | ) |
| CHEVRON U.S.A., INC., et al., | ) |
| Defendants. | ) |

Before the Court is Anthony Marquez's Motion to Remand ("Motion"), which was filed on June 9, 2014. On June 13, 2014 Vinnell Mining and Minerals Corporation filed a limited opposition to the Motion (opposing only Marquez's request for an expedited trial date if this Court does not remand the case). Shell Oil Company filed an opposition to the Motion on June 16, 2014. Union Oil Company of California and Tosco Corporation filed joinders to Shell's opposition on June 16, 2014 and June 19, 2014, respectively. Marquez filed a reply to Shell's opposition on June 23, 2014. Finding the matter suitable for decision on the papers, the Court took it under submission on June 25, 2014.

On December 20, 2013 Marquez filed a complaint in Los Angeles Superior Court against eighteen named defendants alleging causes of action relating to asbestos exposure. Notice of

1  Removal Ex. A. Shell removed the action to this Court on May 16, 2014. Shell contends that it
2  determined the case was removable at Marquez's deposition on April 16, 2014, where he testified
3  that he had worked on offshore oil platforms. According to Shell, this newly discovered fact gives
4  rise to federal jurisdiction under the Outer Continental Shelf Lands Act, Title 43 U.S.C. § 1331 *et*
5  *seq.*, ("OCSLA"). Marquez contends that he was not exposed to asbestos on any offshore
6  platform, and that his visits to these platforms were of a very limited duration.

7  A case may be removed to federal court if it may have originally been filed in federal
8  court. Title 28 U.S.C. § 1441(a). There is a strong presumption against removal jurisdiction and
9  the defendant "always has the burden of establishing that removal was proper." *Gaus v. Miles,*
10 *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Shell contends that this Court has jurisdiction over this
11 action by virtue of Title 28 U.S.C. § 1331 (federal question jurisdiction) and OCSLA.

12 The complaint contains extensive allegations of exposure to asbestos during the course of
13 Marquez's life. *See, e.g.*, Compl. ¶ 12 (alleging exposure from the 1960's to 1986 at various
14 occupational and non-occupational sites). In the complaint Marquez does not allege that he was
15 exposed to asbestos in federal waters. Additionally, Marquez has admitted in pleadings before this
16 Court that he was not exposed to asbestos on any platforms in federal water. The state claims in
17 this case substantially predominate over the federal claims. The supposed claims based upon
18 exposure on offshore platforms "would be a slender federal reed on which to base jurisdiction"
19 over this lawsuit. *Patel v. Penman*, 103 F.3d 868, 877 (9th Cir. 1996). Pursuant to Title 28 U.S.C.
20 § 1367(c) this Court declines to exercise jurisdiction over the claims that do not involve alleged
21 exposure on oil platforms in federal water and remands those claims.

22 Marquez suggests that "this Court may dismiss all federal claims over which it has original
23 jurisdiction, namely any allegations that Plaintiff was exposed to asbestos on offshore platforms
24 located in federal waters, and remand the remaining claims to state court." Motion p. 11. The
25 Court agrees that this is the most appropriate course of action here.
26 / / / / /
27 / / / / /
28 / / / / /

1  The claims as they relate to platforms in federal water are dismissed and the remainder of
2  the case is remanded.
3  IT IS HEREBY ORDERED that the Motion is granted as stated herein and the oppositions
4  and joinders are overruled.
5  Dated: July 7, 2014.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

3